Filed Oct. 30, 1894.

---

No. 1,096.

### JACKS v. LOLLIS ET AL.

From the Parke Circuit Court.

*D. H. Maxwell, H. Maxwell, S. D. Puett, A. M. Adams* and *J. S. Mc-Faddin,* for appellant.

*T. N. Rice* and *J. T. Johnston,* for appellees.

DAVIS, J.—This was an action commenced by the appellees against the appellant, in the nature of a trespass, wherein damages were sought, for cutting two embankments or levees, thereby flooding appellees' land with surface and overflow water.

The court overruled appellant's demurrer to each paragraph of the complaint, and sustained appellees' demurrer to appellant's cross-complaint, and also to each paragraph of appellant's answer, except the general denial. A trial by the court resulted in finding and judgment in favor of appellee for $30.

The material facts, briefly stated, out of which the controversy arises, are, as we understand them, in substance, as follows: The lands of appellees were low. Appellant owned the lands lying on the north and east of appellees' land. The surface water from appellant's land and also the overflow water from Raccoon creek naturally collected on the low lands of appellees. Appellees, in order to protect their lands from such surface water and overflow, constructed a levee on and along the north end of their land, and the Chicago and Southeastern Railway Company, pursuant to the terms of a right of way contract with them, constructed an embankment on and along the east line of appellees' land. The levee and embankment caused the overflow and surface water to collect and remain on appellant's land. The appellant thereupon cut through such embankment and thereby permitted the water to take its natural course onto and across appellees' land.

Without entering into a discussion of the questions presented, it will suffice to say that on the authority of *Jean* v. *Pennsylvania Co.*, 9 Ind. App. 56, there was no error in any of the rulings on demurrers.

There is evidence in the record tending to sustain the judgment of the trial court on every material point in issue.

Judgment affirmed.

Filed May 29, 1894.